UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASSAN HUBBARD,<br>    a/k/a "Born,"<br><br>                       Defendant. | **SEALED SUPERSEDING**<br>**INDICTMENT**<br><br>S1 25 Cr. 308 |

### COUNT ONE
**(Unlicensed Dealing of Firearms)**

The Grand Jury charges:

1.    Between at least in or about March 2024 through at least in or about May 2024, in the Southern District of New York and elsewhere, HASSAN HUBBARD, a/k/a "Born," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, and aided and abetted the same, to wit, HUBBARD sold more than a dozen firearms to an undercover law enforcement officer over the course of multiple transactions.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

### COUNT TWO
**(Possession of a Firearm After a Felony Conviction)**

The Grand Jury further charges:

2.    On or about April 25, 2024, in the Southern District of New York and elsewhere, HASSAN HUBBARD, a/k/a "Born," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed

one or more firearms—to wit: (a) a .223-caliber Aero Precision, model X15 Carbine semi-automatic rifle with an obliterated serial number; (b) a 9mm-caliber Hi-Point, model C9 firearm; (c) a 9mm-caliber Taurus firearm, model G3C; (d) a 9mm Springfield Armory firearm, model XDs-9; and (e) a .25-caliber Raven firearm, model P-25—and the firearms were in and affecting commerce.

3. At the time of the offense, HASSAN HUBBARD, a/k/a "Born," the defendant, had three previous convictions in a court of a crime punishable by imprisonment for a term exceeding one year for violent felonies, committed on occasions different from one another, to wit, (i) a conviction on or about July 28, 1994, in New York County Supreme Court for robbery in the first degree, in violation of New York Penal Law Section 160.15(2), committed on or about October 7, 1993; (ii) a conviction on or about July 28, 1994, in New York County Supreme Court for robbery in the first degree, in violation of New York Penal Law Section 160.15(4), committed on or about September 29, 1993; and (iii) a conviction on or about May 5, 1987, in Bronx County Supreme Court for robbery in the first degree, in violation of New York Penal Law Section 160.15(1), committed on or about October 11, 1986.

(Title 18, United States Code, Sections 922(g)(1) and 924(e).)

**FORFEITURE ALLEGATION**

4. As a result of committing the offenses alleged in Counts One and Two of this Indictment, HASSAN HUBBARD, a/k/a "Born," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses, including but not limited to:

  a. A 9mm-caliber Hi-Point firearm, serial number P1999862;

  b. A Mossberg .22-caliber firearm, model 715P, serial number defaced;

  c. 139 .22-caliber cartridges;

  d. Eight 9mm cartridges;

  e. A .45-caliber Springfield firearm, serial number XS520228;

  f. A .357-caliber Uberti firearm, model El Patron 357, serial number UR4466;

  g. An ER Amantino 12-gauge shotgun, model "Double Defense," serial number A041119-11;

  h. Two 6.5mm-caliber long guns, no serial numbers;

  i. A .223-caliber Aero Precision, model X15 Carbine semi-automatic rifle, serial number defaced;

  j. Six .357-caliber cartridges;

  k. 42 12-gauge shotgun cartridges;

  l. 14 .45-caliber cartridges;

  m. 480 6.55mm cartridges;

  n. A 9mm-caliber Hi-Point firearm, model C9, serial number P1313100;

  o. A 9mm-caliber Taurus firearm, model G3C, serial number ADM034588;

  p. A 9mm-Springfield Armory firearm, model XDs-9, serial number BA138835;

  q. A .25-caliber Raven firearm, model P-25, serial number 388100;

  r. 168 rounds of .223-caliber cartridges; and

  s. A privately manufactured 9mm-caliber firearm with a Taurus upper receiver, no serial number.

3

### Substitute Assets Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

JAY CLAYTON
United States Attorney